**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **In re:** ) | **Chapter 7** |
| ) | |
| **RICHARD W. MORRIS, and** ) | **Case No. 08-50422** |
| **PEGGY P. MORRIS,** ) | |
| ) | |
| **Debtors.** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| **W. CLARKSON MCDOW, JR.** ) | |
| **UNITED STATES TRUSTEE FOR** ) | |
| **REGION FOUR** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Adv. Proc. No. 08-05046** |
| ) | |
| **RICHARD W. MORRIS, and** ) | |
| **PEGGY P. MORRIS,** ) | |
| ) | |
| **Defendants.** ) | |

**DECISION AND ORDER**

At Harrisonburg in said District on this 21st day of December, 2009:

A hearing was held on June 30, 2009, to consider the United States Trustee's Objection to Discharge, filed on September 10, 2008. In its objection the Trustee argues that Mrs. Morris transferred to her son a Second Deed of Trust in real property owned by the Debtors, that this transfer was executed within one year prior to the date of petition and that this transfer constituted a fraudulent transfer for purposes of denying discharge under 11 U.S.C. § 727(a)(2)(A). After considering the evidence and arguments presented at trial as well as the post-trial briefs the Court makes the following findings of fact and conclusions of law.

**Facts**

The Debtors filed their voluntary Chapter 7 petition on April 27, 2008. In their bankruptcy schedules the Debtors disclose that they own real property located at 213 S. Delphine Avenue, Waynesboro, VA (hereafter the "Property"). The Property is encumbered by a $51,925 Deed of Trust held by Suntrust Bank and a $15,000 Deed of Trust held by Richard W. Morris, Jr., the Debtors' son. The Deed of Trust held by Mr. Morris is at issue in this case.

Mrs. Morris testified that the $15,000 indebtedness owed to her son was incurred over a period of time beginning in 2005 and ending in 2008. Transcript of Record at 22, US. Trustee v. Richard and Peggy Morris (In re Morris),(Bankr. W.D. Va. Jul. 7, 2009) (No. 08-05046). Specifically, Mrs Morris testified that "a lot of [the $15,000] was in 2007 and 8 because that's when I was in the hospital and he had to pay all of our insurances..." Tr. at 23. In order to ensure that her son was repaid Mrs. Morris decided to execute a promissory note payable to her son and to secure it by giving him a second lien deed of trust. Tr. at 15. The note and second lien deed of trust are dated March 28, 2008 but were actually executed and recorded on April 1, 2008. US Trustee's Exhibit No. 2, US Trustee v. Richard and Peggy Morris (In re Morris), No. 08-05046 (Bankr. W.D. Va. Jun. 19, 2009).

The Trustee brings this Objection to Discharge under 11 U.S.C. § 727(a)(2) asserting that the Debtors granted the second lien deed of trust in favor of their son in order to "hinder, delay or defraud a creditor or an officer of the estate."

**Discussion**

In re Arnold, 369 B.R. 266, 270 (Bankr. W.D. Va. 2007) holds that when objecting to discharge under 11 U.S.C. § 727(a)(2)(A), "The United States Trustee has the burden of proving the objection to discharge." See Tavenner v. Smoot (In re Smoot), 265 B.R. 128, 142 (Bankr. E.D. Va. 1999) aff'd 257 F. 3d 401 (4th Cir. 2001), cert. denied, 534 U.S. 1116 (2002) (in the context of an objection to discharge pursued under 11 U.S.C. § 727(a)(2)(A), "The trustee bears the burden of establishing that the transfer occurred with the intent to hinder, delay, or defraud creditors.") Arnold further states that in

order to meet its burden, "The United States Trustee must prove each element of the objection to discharge under Section 727(a) by a preponderance of the evidence." Id.

Arnold holds that the elements of an objection to discharge under § 727(a)(2)(A) are, "(1) that the act complained of was done within one year prior to the filing date of petition filing, or, alternatively, after the date of filing; (2) the act was that of the debtor; (3) it consisted of a transfer, removal, destruction or concealment of the debtor's property, or alternatively, the estate's property; and (4) it was done with an intent to hinder, delay or defraud either a creditor or an officer of the estate." Id. Arnold goes on to state that "If the United States Trustee fails to prove any one element, the Debtor will not be denied a discharge." Id. However, if the Trustee succeeds in meeting its burden and proving all of the elements then a prima facie case of fraud will be established at which point Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 249 (4th Cir. 1994) holds "[T]he burden may shift to the debtor to provide satisfactory, explanatory evidence" to counter the Trustee's prima facie case. A failure by a debtor to rebut the prima facie case of fraud will result in the denial of discharge, pursuant to 11 U.S.C. § 727(a)(2)(A).

It is undisputed that within one year prior to the filing of their petition the Debtors, primarily Mrs. Morris, executed a Deed of Trust that transferred her property for the benefit of her son, thereby meeting three of the four Arnold factors. The only remaining issue is whether the transfer was done with the intent to hinder, delay or defraud either a creditor or an officer of the estate.

In re Warner, 87 B.R. 199, 202 (Bankr. M.D. Fla. 1995) holds that because proof of actual intent to engage in a fraudulent transfer in order to hinder, delay or defraud creditors is "[O]ften unavailable through direct evidence, courts have traditionally relied upon certain well-defined badges or indicia of fraud to presume fraudulent intent." Riggs Nat'l. Bank v. Andrews (In re Andrews), 186 B.R. 219 (Bankr. E.D. Va. 199) states that the indicia of fraud include:

> (1) A relationship between the debtor and the transferee; (2) Lack of consideration for the conveyance; (3) Debtor's insolvency or indebtedness; (4) Transfer of debtor's entire estate;

>(5) Reservation of benefits, control or dominion by the debtor; (6) Secrecy or concealment of the transaction; and (7) Pendency or threat of litigation at the time of transfer.

Andrews, 186 B.R. at 222. Smoot, referring to the seven factors in Andrews, holds that "The presence of just one of the factors can warrant a court's conclusion that a transfer was fraudulently made, and certainly, the presence of several factors can inescapably lead to the conclusion that the debtor possessed the requisite intent." Smoot, 265 B.R. at 142.

In applying the indicia of fraud listed in Andrews to this case the Court makes the following findings. First, the Court finds that the mother-son relationship between the transferee and the transferor constitutes a relationship for purposes of the Andrews factors. Additionally, the Debtors have not provided any evidence that would support a debt of $15,000. Indeed, Mrs. Morris testified that she did not have any records of moneys leant by her son but rather came up with the figure after talking to her son and agreeing to a value. Tr. at 17. Absent any evidence to the contrary, the Court finds that the $15,000 figure is unsupported and therefore there was a lack of consideration given in exchange for the Second Deed of Trust. Lastly, the Debtor testified that prior to the execution of the Second Deed of Trust she had been subject to collection proceedings by Augusta Medical Center and that she had exhausted her credit cards in an unsuccessful effort to pay off debts. Tr. at 11. Based upon this testimony the Court finds that the Debtor executed the Second Deed of Trust knowing that she had significant indebtedness. Further, the close proximity in time of the execution of the deed of trust and the filing of the Debtors' Chapter 7 constitutes circumstantial evidence of insolvency.

Thus, three indicia of fraud under the Andrews factors exist in the case at bar. Since Smoot requires the existence of only one indicia to support a finding of intent to defraud, there is more than ample support for a finding that the U.S. Trustee has met its burden in establishing a prima facie case of fraud. Thus, under Farouki, the burden now shifts to the Debtors to rebut the prima facie case. The Debtors failed to produce any evidence to rebut the Trustee's prima facie case of fraud. Therefore, the Court finds that the Second Deed of Trust executed by the Debtor in favor of her son was done to "hinder,

delay or defraud a creditor or an officer of the estate" and therefore, pursuant to 11 U.S.C. § 727(a)(2) will deny the Debtors' discharge.

Accordingly, it is:

**ORDERED**

That the Trustee's Objection to Discharge is hereby, **GRANTED**.

Copies of this Order are directed to be sent to counsel for the Debtor, Kerry D. Armentrout, Esq.; and to the U.S. Trustee, Margaret K. Garber, Esq.

Entered: December 21, 2009

_Ross W. Krumm_

Ross W. Krumm

U. S. Bankruptcy Judge